# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No.    20I-01948 |
| | ) | |
| RANDY WARNER[1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Submitted: January 4, 2023
Decided: January 9, 2023

## **ORDER**

NOW, THIS 9TH DAY OF JANUARY 2023, upon a *de novo* consideration of the record in this case, it is hereby ordered that Respondent's appeal is DENIED for the following reasons:

1. Respondent has been the subject of ongoing involuntary outpatient commitment proceedings. On December 8, 2022, Fouad El Chidiac, M.D. evaluated Respondent. The following day, the court held a review hearing.

2. At the hearing, Respondent and the State requested a continuance to review Dr. Chidiac's report. Respondent also objected to the admission of Dr.

---

[1] This name is an alias, assigned by this court, due to the confidentiality of these proceedings.

Chidiac's evaluation because, he claimed, the evaluation was not independent—as required by statute—for two reasons: (i) Dr. Chidiac is familiar with a doctor who previously treated Respondent, and (ii) Dr. Chidiac relied on Respondent's prior medical records and, allegedly, failed to consider Respondent's current mental state. Respondent sought to have a doctor of his choosing perform his evaluation at the State's expense.

3. The Superior Court Commissioner, by Order dated December 9, 2022, ruled that Dr. Chidiac was an independent psychiatrist and denied Respondent's request to choose a psychiatrist to perform an evaluation.

4. Respondent, *pro se*, appealed the Commissioner's Order.

5. Respondent's appointed attorney filed a Supplemental Notice of Appeal to perfect the appeal. The State filed a Response, asking that the appeal be denied. Respondent's attorney has also filed a Motion to Withdraw as Counsel because he was appointed only for the limited purpose of representing Respondent at the December 9 hearing and, under normal court procedure, a different attorney would represent Respondent in future proceedings.

6. The first issue on appeal is whether Respondent is entitled to the appointment of a psychiatrist of his own choosing. Under 16 *Del. C.* § 5007(3), it is specified that an involuntarily-committed person is entitled:

> To be represented by counsel at all judicial proceedings, such counsel to be court-appointed if the individual cannot afford to

retain counsel; and to be examined by **an independent psychiatrist** or other qualified medical expert and to have such psychiatrist or other expert testify as a witness on the individual's behalf, such witness to be court appointed if the involuntary patient cannot afford to retain such witness. [Emphasis added.]

Therefore, Respondent is entitled to obtain his own psychiatrist, but only at his expense. Respondent is not entitled to choose his own psychiatrist to evaluate him at the State's expense.

7. Respondent's second argument is that the evaluation by Dr. Chidiac was not independent because Dr. Chidiac knows a doctor who previously treated Respondent and reviewed records from that doctor. This argument is unavailing. There are, unfortunately, few doctors in Delaware who care for patients with a mental illness, and it is inevitable that they will be familiar with one another. More importantly, a thorough evaluation must consider a patient's prior medical records to understand a patient's prior difficulties and progress in treatment.

8. I have reviewed Dr. Chidiac's report and I find that there is nothing therein that indicates bias either for or against Respondent. I find that it is an independent evaluation as required by statute.

9. Therefore, Respondent's appeal is DENIED and the Commissioner's December 9, 2022 Order is AFFIRMED. Counsel's Motion

to Withdraw is MOOT. However, if Respondent appeals this Order, counsel

has a continuing obligation to represent him on that appeal.[2]

IT IS SO ORDERED.

/s/ Robert H. Robinson, Jr.

Robert H. Robinson, Jr., Judge

cc:  Prothonotary's Office
     Nicole Hartman, Esquire
     Patrick Smith, Esquire
     Vincent Robertson, Esquire
     Mr. Randy Warner
     Fellowship Health Resources

---

[2] For purposes of continuity and judicial economy, the same attorney should see this case through the appeals process.